UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| -v.- | **OPINION AND ORDER** |
| OSCAR ALPHONSO ROSARIO-BAUTISTA, a/k/a " Victor M. Pizzarocamacho," | 18 Cr. 009 (ER) |
| Defendant. | |

Ramos, D.J.:

Oscar Alphonso Rosario-Bautista, a/k/a " Victor M. Pizzarocamacho, ("Rosario-Bautista" or "Defendant") has been charged with violating Sections 1326(a) and (b)(2) of Title 8 of the United States Code, prohibiting the reentry into the United States of previously removed aliens. *See* Doc. 12 (Information). Rosario-Bautista waived indictment on January 5, 2018. Doc. 13. Rosario-Bautista now moves to dismiss the Information against him. Doc. 18. For the following reasons, the motion is DENIED.

I.      BACKGROUND

Rosario-Bautista was born in the Dominican Republic. Doc. 31, ¶ 1. According to his counsel's representations, Rosario-Bautista was either admitted to the United States as a lawful permanent resident in 1988, Doc. 32, ¶ 1, or as a nonimmigrant F1 visa holder in 2000, Doc. 31, ¶ 1.[1] In 2008, he was convicted of conspiracy to possess with intent to distribute cocaine, and distribution of cocaine. Doc. 1, ¶ 2b.

On October 11, 2011, an Immigration Judge issued an Order of Removal for Rosario-Bautista. Doc. 32, ¶ 2. According to Rosario-Bautista, he was not informed "by the Immigration Courts, or by any Judge thereof that [he] was prohibited from entering, attempting to enter, or

---

[1] The Court assumes that counsel simply made a mistake with respect to one of the dates. In any event, this apparent discrepancy is immaterial to the outcome of the instant motion.

being in the United States for any term of years after his removal." *Id.* According to the Government, Rosario-Bautista was given this warning by an immigration official, and he acknowledged having received the warning by signing a copy of Form I-294 "Warning to Alien Ordered Removed or Deported." *See* Doc. 33, 2. Rosario-Bautista was removed to the Dominican Republic on or about November 17, 2011. Doc. 33, 2.[2]

On December 6, 2016, Rosario-Bautista was found within the United States. Doc. 12, ¶ 5. The Information charged Rosario-Bautista with one count of illegal reentry, and notified him that he was alleged to have violated Sections 1326(a) and (b) of Title 8 of the United States Code:

> From at least on or about December 6, 2016, in the Southern District of New York and elsewhere, OSCAR ALPHONSO ROSARIO-BAUTISTA, a/k/a "Victor. M. Pizzarocamacho," the defendant, being an alien, unlawfully did enter, and was found in, the United States, after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

*See* Doc. 12.

## II.     DISCUSSION

Rosario-Bautista argues that the information against him should be dismissed because it "fails to charge him with knowingly, or intentionally reentering the United States." Doc. 32.

Rosario-Bautista points to several criminal statutes for which courts have presumed a specific intent requirement as to every element of the crime. *Id.* at 2–3. For example, in *United States v. Games-Perez*, the Tenth Circuit determined that the *mens rea* requirement for 18 U.S.C. § 922(g)(1), the statute prohibiting felons from possessing firearms, is that a defendant must know she is in possession of a firearm; the Government need not also prove that a defendant

---

[2] The Complaint provides that "[o]n or about November 17, 2001, ROSARIO was removed from the United States." Doc. 1, ¶ 2c. The Court reads this as a typographical error. The parties do not dispute that Rosario-Bautista was removed in 2011.

2

know she had previously been convicted of a felony. 667 F.3d 1136, 1142 (10th Cir. 2012). Then-Judge Gorsuch concurred in that case and reiterated Supreme Court precedent that courts should "'presum[e]' a *mens rea* requirement attaches to 'each of the statutory elements that criminalize otherwise innocent conduct.'" *Id.* at 1145 (Gorsuch, J., concurring) (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)). In *X-Citement Video* itself, the Supreme Court held that 18 U.S.C. § 2252, which prohibits a defendant from knowingly transporting, shipping, receiving, distributing, or reproducing a visual depiction of a minor engaging in sexual explicit conduct, contained a scienter requirement as to the minor's age. *X-Citement Video*, 513 U.S. at 78. Rosario-Bautista argues that the concurrence in *Games-Perez* and majority opinion in *X-Citement Video* require the Court to dismiss the Information, because the Government does not allege that he knowingly re-entered the United States. Doc. 32, 2–3.

It is true, of course, that the Government must prove "a voluntary act of reentry or attempted reentry by the defendant that is not expressly sanctioned by the Attorney General." *United States v. Martus*, 138 F.3d 95, 97 (2d Cir. 1998). However, the Second Circuit has determined that "Section 1326 does not implicate the concerns that led the [Supreme] Court to engraft a scienter requirement onto other, unrelated statutes" and the Government need not prove a defendant's specific intent to violate a removal order. *United States v. Torres-Echavarria*, 129 F.3d 692, 697 (2d Cir. 1997) (discussing *X-Citement Video*). In fact, this Circuit has repeatedly held that "it is unnecessary to show specific intent to prove a violation of [Section] 1326." *United States v. Acevedo*, 229 F.3d 350, 358 (2d Cir. 2000); *United States v. Rodriguez*, 416 F.3d 123, 128 (2d Cir. 2005); *United States v. Champegnie*, 925 F.2d 54, 55–56 (2d Cir. 1991).

Here, the Information notified Rosario-Bautista that he was charged with illegal reentry under Sections 1326(a) and (b) because he "unlawfully did enter, and was found in, the United States, after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony, without having obtained the express consent of the

3

Attorney General . . . ." Doc. 12, ¶ 5. The Court finds that the Information was sufficient to notify Rosario-Bautista that he was charged with a voluntary act of reentry. *See United States v. Alvarez*, No. 09 Cr. 386 (DAB), 2009 WL 3459219, at *3 (S.D.N.Y. Oct. 27, 2009) (finding an Indictment sufficient where it contained "the four elements of illegal re-entry . . . that the Defendant was an alien at the time of the alleged offense; that prior to the alleged offense, the Defendant had been deported from the United States; that the Defendant thereafter improperly entered or was found in the United States; and that the Defendant did not have the express permission of the Attorney General to return"); *United States v. Black*, No. 06 Cr. 1079 (DLC), 2007 WL 683996, at *4 (S.D.N.Y. Mar. 6, 2007) ("The Indictment sufficiently notifies the defendant that he is charged with illegal reentry under Section 1326(b)(2) for entering and being found in the United States 'after having been denied admission, excluded, deported and removed from the United States.'"). Therefore, Rosario-Bautista's motion to dismiss the Information must be denied.

### III.     CONCLUSION

For the reasons set forth above, Rosario-Bautista's motion to dismiss the Information is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 30.

It is SO ORDERED.

Dated:   November 05, 2018
         New York, New York

                                                              Edgardo Ramos, U.S.D.J.